OPINION
Defendant-Third Party Plaintiff Bowser-Morner, Inc. appeals from a March 24, 2000 order of dismissal for lack of prosecution of its claims against several third party defendants. Bowser-Morner advances three assignments of error:
 1. THE TRIAL COURT LACKED JURISDICTION TO DISMISS THIS CASE WITH PREJUDICE ON MARCH 24, 2000, BECAUSE BOWSER-MORNER HAD ALREADY DISMISSED THE CASE ON FEBRUARY 4, 2000, BY FILING A NOTICE OF DISMISSAL PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 41(A)(1).
 2. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED BOWSER-MORNER'S CLAIMS WITH PREJUDICE.
 3. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED BOWSER-MORNER'S CLAIMS WITH PREJUDICE WITHOUT FIRST CONSIDERING OTHER LESS DRASTIC MEASURES.
 This litigation began in 1995 when the trustees of JMB Group Trust I (JMB) sued Bowser-Morner. Bowser-Morner then filed third party complaints against several parties including Miller Brothers Excavating, Inc., which filed a counterclaim against Bowser-Morner.
On January 21, 1999, JMB dismissed its complaint against Bowser-Morner pursuant to a settlement among these parties and one of the third party defendants.
On January 19, 2000, The Law Company, Inc., one of the third party defendants, moved the court "to dismiss the within action for lack of prosecution. The case has been `on hold' for a full year, with no activity." On February 4, 2000, counsel for Bowser-Morner, describing himself as "Attorney for Plaintiffs," filed a "notice of dismissal" which stated in its entirety: "Plaintiffs hereby dismiss this action as to all parties and all claims without prejudice pursuant to Civ.R. 41(A)(1)." On March 24, 2000, the court sustained the motion to dismiss for lack of prosecution, thus precipitating this appeal.
In its first assignment of error, Bowser-Morner contends that the court lacked jurisdiction to dismiss the case for lack of prosecution, which, if effective, operated as an adjudication on the merits. Civ.R. 41(B)(3). Bowser-Morner contends that its February 4, 2000 notice of dismissal divested the court of jurisdiction to dismiss its claims with prejudice on March 24, 2000.
In response, the third party defendants contend that the February 4 notice of dismissal did not effectively dismiss the third party claims without prejudice because Bowser-Morner was not a plaintiff, but rather a defendant-third party plaintiff. Some of the third party defendants also contend that the February 4 notice of dismissal was ineffective to dismiss the claims without prejudice because Miller Brothers' counterclaim against Bowser-Morner was incapable of independent adjudication. Civ.R. 41(A)(1)(a).
We reject the argument that the February 4 notice of dismissal was ineffective because Bowser-Morner was misdescribed as a plaintiff. After the dismissal of the JMB complaint, all that remained were Bowser-Morner's third party claims and Miller Brothers' counterclaim against Bowser-Morner. Thus, Bowser-Morner was the functional equivalent of a plaintiff, and the third party defendants were the functional equivalent of defendants. As the functional equivalent of a plaintiff, we believe that Bowser-Morner should enjoy the benefit bestowed by Civ.R. 41(A)(1)(b), notwithstanding its inartfully drafted notice of dismissal.
More troublesome is the pendency of Miller Brothers' counterclaim against Bowser-Morner at the time it filed its notice of appeal. If the counterclaim was incapable of independent adjudication, the notice of dismissal was ineffective for that reason. If the counterclaim was capable of independent adjudication, the notice of dismissal was effective, and the trial court was divested of jurisdiction to later dismiss the third party claims with prejudice for lack of prosecution.
Whether a counterclaim is capable of independent adjudication can be a vexing question. See 5 Anderson's Ohio Civil Practice § 168.02. On the record before us, which as to this question consists only of the pleadings, we cannot determine this issue with certainty. The issue does not appear to have been considered by the trial court. We think this issue should be considered in the first instance by the trial court, which is in the position to receive further information bearing on the question. Accordingly, we will remand this matter for consideration of and determination of whether Miller Brothers' counterclaim is capable of independent adjudication.
Depending on how the trial court determines the "independent adjudication" issue, Bowser-Morner's assignments of error may all be rendered moot. Thus, we need not rule upon them at this time. We will reverse the judgment of dismissal for lack of prosecution and remand for further proceedings consistent with this opinion. Should the trial court determine that the counterclaim is not capable of independent adjudication, it may re-enter its judgment of dismissal for lack of prosecution, and Bowser-Morner, should it choose to do so, may readvance its assignments of error in this court.
GRADY, P.J. and BROGAN, J., concur.